


COVID19

# IN THE DISTRICT COURT OF CLEVELAND COUNTY
## STATE OF OKLAHOMA

| | | |
|---|---|---|
| 1. | ANDREAS KLOTZ, | ) |
| | and | ) |
| 2. | BRENDA KOEHLER, on behalf of themselves and others similarly situated, | ) Case No. CJ-2020- 502(W) ) JURY TRIAL DEMANDED ) ATTORNEY LIEN CLAIMED |
| | Plaintiffs, | ) |
| v. | | ) |
| 1. | RNT PROFESSIONAL SERVICES, LLC, | ) |
| 2. | TERESA RULE, an individual, | ) |
| | Defendants. | ) |

STATE OF OKLAHOMA } S.S.
CLEVELAND COUNTY

**FILED**

**MAY 13 2020**

In the office of the
Court Clerk MARILYN WILLIAMS

### PETITION

**COME NOW THE PLAINTIFFS**, on behalf of themselves and others similarly situated, and hereby plead their claims as follows:

### PARTIES

1. The Plaintiffs are Andreas Klotz, a adult resident of Waukesha County, Wisconsin, and Brenda Koehler, Milwaukee County, Wisconsin, asserting claims on behalf of themselves and others similarly situated.

2. The Defendants are:

   A. RNT Professional Services, LLC, a domestic company doing business in Cleveland County, Oklahoma; and

   B. Teresa Rule, an adult resident of Cleveland County, Oklahoma

### CLAIMS AND VENUE

3. Plaintiffs, on behalf of themselves and other similarly situated, assert claims for

**EXHIBIT 1**

failure to pay wages, including minimum wages, overtime wages and agreed upon wages in violation of the Fair Labor Standards Act and Oklahoma's Protection of Labor Act, and breach of contract.

4. Most of the actions complained of occurred in Cleveland County, Oklahoma and Defendants may be served in Cleveland County. Venue is therefore proper in Cleveland County, Oklahoma.

## STATEMENT OF FACTS

5. Defendant RNT Professional Services, LLC ("Defendant RNT"), holds itself out as a cyber-security firm and contracts with individuals and companies in Oklahoma, Missouri and other states to provide cyber-security consultation services.

6. Defendant RNT had multiple contracts with other entities to provide cyber-security services, including consultation services and has at least five hundred thousand dollars yearly gross revenue.

7. For reasons including those set out in paras. 5-6, Defendant RNT is an employer under the FLSA.

8. During Plaintiff's employment, Defendant Teresa Rule was the President of Defendant RNT and held herself out as the person in charge of determining the amount of compensation paid to Plaintiffs. Defendant Rule also held herself out to Plaintiffs as the person who determined whether they would be paid for the wages they earned each work-week. Accordingly, Plaintiff Rule is an employer as defined in the FLSA and OPLA.

9. Plaintiff Klotz was employed by Defendants from around February 2019 until around mid-April 2019 and worked under the job title of Chief Business Development

2

Officer.

10. Plaintiff Koehler was employed by Defendants from around January 2018 until around mid-March 2018 and worked under the title of Project Manager.

11. Plaintiff Klotz entered into an agreement with Defendants to perform services in exchange for wages of $12,000 per month based on a forty-hour work-week (or about $69.28 per hour) for the first three months of employment.

12. Plaintiff Koehler entered into an agreement with Defendants to perform services in exchange for wages of $40 per hour based on a forty hour work-week.

13. Both Plaintiffs, as well as others similarly situated, worked more than forty hours per week on multiple weeks of their employment.

14. The Plaintiffs have earned, but have not been paid, minimum wages for the majority of their employment, nor have they been paid overtime wages for those hours they worked in excess of forty each week.

15. Additionally Defendants agreed to reimburse Plaintiff Koehler for expenses incurred in performing services as an employee of the Defendants.

16. Plaintiff Koehler incurred approximately $2,000 in expenses, but the Defendants have refused to reimburse her for such expenditures.

17. As a direct result of the Defendants' conduct, the Plaintiffs have suffered, and continue to suffer, wage loss including minimum and overtime wages.

## COLLECTIVE/CLASS CERTIFICATION

18. To Plaintiffs' knowledge there are at least thirty employees in Oklahoma, Wisconsin, Colorado and other states who entered into employment relationships with Defendants, worked and earned wages (including minimum wages overtime wages

3

and/or agreed-upon wages), but were not paid their wages earned (including minimum wages, overtime wages and/or agreed-upon wages).

19. Defendants conduct toward these putative plaintiffs violate:

    A. The Fair Labor Standards Act (which requires payment of earned minimum and overtime wages);

    B. Oklahoma's Protection of Labor Act (which requires payment of earned minimum wages and agreed-upon wages); and

    C. The contract (written and/or verbal) entered into for such plaintiffs to perform services in exchange for defendants to pay wages earned.

20. The Plaintiffs together with others who performed services for Defendants but were not paid their wages earned, were together the victims of a single decision, policy or plan of refusing to pay employees the wages they earned and which were agreed upon with the defendants, in violation of the FLSA, the OPLA and the employment contracts governing each plaintiff's employment relationship with defendants.

21. The class is specifically knowable and consists of others who performed services as employees of the Defendants but were not paid their wages earned and promised.

22. For these reasons the Plaintiffs are entitled to conditional certification of the class under the FLSA at this time and, after discovery is substantially complete, to final certification of the class under the FLSA and state law.

23. The class is sufficiently numerous that it is impractical to name each member of the class individually and such that a class action is most economical, expeditious and just way of managing this claim.

24. There are questions of law or fact common to the class, including whether the

4

employees worked hours and earned wages for which they were not compensated.

25. Plaintiffs, as the class representatives, share the same questions of law and fact with other class members and will fairly and adequately protect the interests of the class.

26. The only factual matter different between the collective plaintiffs would be the amount of wages lost and damages owed.

## COUNT I

Plaintiffs incorporate the above paragraphs and further allege:

27. Failure to pay minimum wages and overtime wages earned is a violation of the Fair Labor Standards Act.

28. Under this Count the Plaintiffs, on behalf of themselves and others similarly situated, are entitled to their unpaid wages (including minimum and overtime wages) and liquidated damages.

29. Because the Defendants' conduct was willful, the Plaintiffs are entitled to recover wages and liquidated damages for the three years prior to the date of filing this petition.

30. Plaintiffs are also entitled to an award of attorney fees and costs.

## COUNT II

Plaintiffs, on behalf of themselves and others similarly situated, incorporate the above paragraphs and further allege:

31. Failure to pay minimum wages and/or agreed-upon wages, violates Oklahoma's Protection of Labor Act.

32. Under this Count the Plaintiffs, on behalf of themselves and others similarly situated, are entitled to their unpaid wages (including minimum and agreed-upon wages) and

liquidated damages.

33. Because the Defendants' conduct was willful, the plaintiffs are entitled to recover wages and liquidated damages for the three years prior to the date of filing this petition.

34. Plaintiffs are also entitled to an award of attorney fees and costs.

## COUNT III

Plaintiffs, on behalf of themselves and others similarly situated, incorporate the above paragraphs and further allege:

35. Failure to pay agreed upon wages violates the employment agreement (written and/or verbal) entered into between the Defendants and the plaintiffs.

36. Under this Count the Plaintiffs are entitled all sums promised under the contract for which they are owed.

37. Plaintiffs are also entitled to an award of attorney fees and costs as this civil action is to recover for labor or services rendered.

38. As a direct result of the Defendants' conduct the Plaintiff has suffered, and continues to suffer, wage loss (including back, present and front pay).

## PRAYER

**WHEREFORE**, Plaintiffs, on behalf of themselves and others similarly situated, respectfully requests this Court enter judgment in their favor and against the Defendants and grant them all compensatory damages suffered, together with punitive damages, liquidated damages, attorneys' fees, costs and interest and such other legal and equitable relief as this Court deems just and proper in an amount in excess of that required for diversity jurisdiction pursuant to Section 1332 of Title 28 of the United States Code.

**RESPECTFULLY SUBMITTED THIS 12th DAY OF MAY 2020.**

HAMMONS, HURST & ASSOC.

*[signature]*

Mark Hammons, OBA No. 3748
Amber L. Hurst OBA No. 21231
325 Dean A. McGee Ave.
Oklahoma City, Oklahoma 73102
(405) 235-6100; (405) 235-6111 (fax)
amber@hammonslaw.com
*Counsel for Plaintiffs*

ATTORNEY LIEN CLAIMED
JURY TRIAL DEMANDED