## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

**(1) ANDREAS KLOTZ,**

**and**

**(2) BRENDA KOEHLER, on behalf of themselves and others similarly situated,**

      **Plaintiffs,**

 **v.**

**(1) RNT PROFESSIONAL SERVICES, LLC, and**

**(2) TERESA RULE, an individual,**

      **Defendants.**

**Case No. CIV-20-624-G**

## ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS, RNT PROFESSIONAL SERVICES, LLC AND TERESA RULE

Defendants, RNT Professional Services, LLC and Teresa Rule ("Defendants"), respectfully submit their Answer and Affirmative Defenses to the Petition of Plaintiffs, Andreas Klotz and Brenda Koehler, on behalf of themselves and others similarly situated ("Plaintiffs"), and deny each and every allegation therein except those allegations that are specifically admitted below. In support thereof, Defendants further state as follows:

## PARTIES

1.      Defendants are without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 1 of Plaintiffs' Petition, and therefore, those allegations are denied.

2.      Defendants admit that RNT Professional Services, LLC is a domestic company doing business in Cleveland County, Oklahoma, and that Teresa Rule is a resident of Cleveland County, Oklahoma. Defendants deny any remaining allegations contained in Paragraph 2 of Plaintiffs' Petition.

## CLAIMS AND VENUE

3.      Defendants assert that Paragraph 3 of Plaintiffs' Petition does not contain any factual averments, and therefore, no response is required. To the extent a response is required, Defendants' deny each and every allegation contained in Paragraph 3 of Plaintiffs' Petition.  Defendants assert that, at all times, Defendants complied with the Fair Labor Standards Act, 29 U.S.C. § 201, *et. seq.* ("FLSA") and Oklahoma's Protection of Labor Act. Defendants further assert that, at all times, Plaintiffs were employed at-will and, accordingly, no contract existed for Defendants to breach.

4.      Defendants admit that venue is proper in the United States District Court for the Western District of Oklahoma. Defendants deny the remaining allegations contained in Paragraph 4 of Plaintiffs' Petition.

## STATEMENT OF FACTS

5.     Defendants admit that RNT Professional Services, LLC is a cyber-security firm that provides cyber-security consultation services to individuals and companies. Defendants deny the remaining allegations contained in Paragraph 5 of Plaintiffs' Petition.

6.     Defendants admit that RNT Professional Services, LLC is a cyber-security firm that provides cyber-security consultation services to individuals and companies. Defendants deny the remaining allegations contained in Paragraph 6 of Plaintiffs' Petition.

7.     Defendants admit that RNT Professional Services, LLC meets the definition of employer pursuant to 29 U.S.C. § 203(d). Defendants deny any remaining allegations contained in Paragraph 7 of Plaintiffs' Petition.

8.     Defendants admit that Teresa Rule is the President of RNT Professional Services, LLC. Defendants deny the remaining allegations contained in Paragraph 8 of Plaintiffs' Petition.

9.     Defendants admit that RNT Professional Services, LLC employed Plaintiff Klotz as the Chief Business Development Officer for RNT Professional Services, LLC from February 24, 2019, until April 16, 2019. Defendants deny any remaining allegations contained in Paragraph 9 of Plaintiffs' Petition.

10.     Defendants admit that Defendant RNT Professional Services, LLC employed Plaintiff Koehler as a Program Manager for RNT Professional Services, LLC from January 3, 2018, until March 9, 2018. Defendants deny any remaining allegations contained in Paragraph 10 of Plaintiffs' Petition.

11.     Defendants deny each and every allegation contained in Paragraph 11 of Plaintiffs' Petition.

12.     Defendants deny each and every allegation contained in Paragraph 12 of Plaintiffs' Petition.

13.     Defendants deny each and every allegation contained in Paragraph 13 of Plaintiffs' Petition.

14.     Defendants deny each and every allegation contained in Paragraph 14 of Plaintiffs' Petition.

15.     Defendants admit that approved travel expenses incurred by Plaintiff Koehler would be reimbursed. Defendants deny any remaining allegation contained in Paragraph 15 of Plaintiffs' Petition.

16.     Defendants deny each and every allegation contained in Paragraph 16 of Plaintiffs' Petition.

17.     Defendants deny each and every allegation contained in Paragraph 17 of Plaintiffs' Petition. Defendants assert that Plaintiffs are not entitled to any damages whatsoever, including those damages referenced in Paragraph 17 of Plaintiffs' Petition.

## COLLECTIVE/CLASS CERTIFICATION

Defendants reassert and incorporate their responses to the foregoing paragraphs as if fully set forth herein.

18.     Defendants deny each and every allegation contained in Paragraph 18 of Plaintiffs' Petition.

19.     Defendants deny each and every allegation contained in Paragraph 19 of Plaintiffs' Petition.

20.     Defendants deny each and every allegation contained in Paragraph 20 of Plaintiffs' Petition.

21.     Defendants deny each and every allegation contained in Paragraph 21 of Plaintiffs' Petition.

22.     Defendants deny each and every allegation contained in Paragraph 22 of Plaintiffs' Petition.

23.     Defendants deny each and every allegation contained in Paragraph 23 of Plaintiffs' Petition.

24.     Defendants deny each and every allegation contained in Paragraph 24 of Plaintiffs' Petition.

25.     Defendants deny each and every allegation contained in Paragraph 25 of Plaintiffs' Petition.

26.     Defendants deny each and every allegation contained in Paragraph 26 of Plaintiffs' Petition.

## **COUNT I**

Defendants reassert and incorporate their responses to the foregoing paragraphs as if fully set forth herein.

27.     Defendants assert that Paragraph 27 does not contain any averments of fact, and, therefore, no response is required of Defendants. To the extent a response is required,

Defendants deny each and every allegation contained in Paragraph 27 of Plaintiffs' Petition.

28.     Defendants deny each and every allegation contained in Paragraph 28 of Plaintiffs' Petition. Defendants at all times complied with the FLSA and had an honest and sincere belief that Plaintiffs were not owed wages and/or overtime payments. Further, Defendants did not engage in any willful behavior that would support lengthening the statute of limitations to three years and/or the imposition of liquidated damages.

29.     Defendants deny each and every allegation contained in Paragraph 29 of Plaintiffs' Petition. Defendants at all times complied with the FLSA and had an honest and sincere belief that Plaintiffs were not owed wages and/or overtime payments. Further, Defendants did not engage in any willful behavior that would support lengthening the statute of limitations to three years and/or the imposition of liquidated damages.

30.     Defendants deny each and every allegation contained in Paragraph 30 of Plaintiffs' Petition.

## COUNT II

Defendants reassert and incorporate their responses to the foregoing paragraphs as if fully set forth herein.

31.     Defendants assert that Paragraph 31 does not contain any averments of fact, and, therefore, no response is required of Defendants. To the extent a response is required, Defendants deny each and every allegation contained in Paragraph 31 of Plaintiffs' Petition.

32.     Defendants deny each and every allegation contained in Paragraph 32 of Plaintiffs' Petition. Defendants at all times complied with the FLSA and had an honest and sincere belief that Plaintiffs were not owed wages and/or overtime payments. Further, Defendants did not engage in any willful behavior that would support lengthening the statute of limitations to three years and/or the imposition of liquidated damages.

33.     Defendants deny each and every allegation contained in Paragraph 33 of Plaintiffs' Petition. Defendants at all times complied with the FLSA and had an honest and sincere belief that Plaintiffs were not owed wages and/or overtime payments. Further, Defendants did not engage in any willful behavior that would support lengthening the statute of limitations to three years and/or the imposition of liquidated damages.

34.     Defendants deny each and every allegation contained in Paragraph 34 of Plaintiffs' Petition.

## <u>COUNT III</u>

Defendants reassert and incorporate their responses to the foregoing paragraphs as if fully set forth herein.

35.     Defendants deny each and every allegation contained in Paragraph 35 of Plaintiffs' Petition.

36.     Defendants deny each and every allegation contained in Paragraph 36 of Plaintiffs' Petition.

37.     Defendants deny each and every allegation contained in Paragraph 37 of Plaintiffs' Petition.

38.     Defendants deny each and every allegation contained in Paragraph 38 of Plaintiffs' Petition. Defendants further deny that Plaintiffs are entitled to any relief whatsoever, including all such relief requested in the Prayer Section following Paragraph 38 of Plaintiffs' Petition.

## AFFIRMATIVE AND OTHER DEFENSES

Defendants incorporate herein their above-stated responses and further assert as follows:

1.     Plaintiffs' Petition fails to state a claim upon which relief can be granted.

2.     Plaintiffs have failed to satisfy conditions precedent to bringing a collective action under 29 U.S.C. § 216(b).

3.     Plaintiffs have failed to set forth facts sufficient to state a collective action claim under Section 216(b) because, among other reasons, Plaintiffs are not similarly situated to the purposed class members. As an example, Plaintiff Klotz' duties and responsibilities were to provide outside sales services and, therefore, was an exempt employee.  As a Program Manager, Plaintiff Koehler was also an exempt executive and/or administrative employee.  Moreover, individual claims will predominate over any general issues affected any purported collective.

4.     Defendant, Teresa Rule, does not meet the statutory definition of "employer" under the FLSA. Teresa Rule did not have or exert sufficient control, power, or authority to be subject to individual liability under the FLSA.

5.     Some or all of Plaintiffs' claims, or those in the putative collective, are barred by the requisite statute of limitations. Defendants deny that they violated the FLSA.

Alternatively, and without admitting any violations occurred, Defendants did not commit any willful violations of the FLSA and, thus, the statute of limitations for Plaintiffs' FLSA claim is two years.

6.   Alternatively and without admitting any violations occurred, Plaintiffs' claims under the FLSA are barred to the extent that actions, if any, have been taken in good faith and in reasonable compliance with all applicable rulings, administrative regulations and interpretations of the FLSA. Defendants have complied with the FLSA, had an honest and sincere belief that Plaintiffs and others named as a part of the putative class were exempt employees, otherwise were not covered employees, and/or had no entitlement to overtime payments.

7.   Alternatively, and without admitting any violations occurred, all or part of the time for which Plaintiffs or any members of the putative collective seeks compensation is not compensable working time.  Defendants anticipate that members of the putative class may contend to be owed wages for time that was not spent performing work, but rather attending educational courses and obtaining professional certifications.

8.   Plaintiffs and members of the putative class were at all times exempt from the maximum hours provision of the FLSA because they were an exempt executive, administrative, computer employee, highly compensated and/or outside sales employee. See 29 U.S.C. §213.  Section 213(a)(1) of the FLSA provides an exemption from both minimum wage and overtime pay for employees employed as bona fide executive, administrative, professional and outside sales employees. Section 213(a)(1) and Section 213(a)(17) also exempt certain computer employees. Plaintiffs and members in the putative

class do not perform blue collar or manual labor.  Their primary duties involve the performance of office or non-manual work.  Plaintiffs and others in the putative class customarily and regularly perform exempt duties and responsibilities of an exempt executive, administrative, computer, outside sales employee, and/or professional employee.  This work includes but is not limited to directing the work of employees, managing a customarily recognized department or subdivision of the Defendant RNT, performance of office or non-manual work directly related to the management or general business operations of Defendant RNT or its customers, obtaining orders or contracts for services and engaged away from the offices of Defendant RNT, performance of work requiring advanced knowledge and consistent exercise of discretion and judgment, application of computer systems analysis techniques and procedures, consulting with clients regarding such analysis, other computer related services.  These duties and responsibilities also involve the comparison and evaluation of possible courses of conduct and acting or making decisions after the various possibilities have been considered.

9.      Alternatively, Plaintiff Klotz and potentially other members in the putative class are exempt from the overtime provisions of the FLSA because they are highly compensated employees compensate at the rate of at least $100,000 annually and who customarily and regularly perform one or more of the exempt duties of an executive, administrative or professional employee.  Further, their primary duties include performing office or non-manual work.   See 29 C.F.R. 541.601.

10.     The claims of Plaintiffs and members of the putative class are or may be subject to the additional defenses of failure of consideration, discharge in bankruptcy,

estoppel, laches, payment, release, statute of frauds, waiver, and/or unclean hands. Defendants have not obtained discovery from Plaintiffs and/or the putative collective (including depositions) and facts pertaining to the same are within Plaintiffs' control and will become known during discovery.

11.     Defendants also claim a setoff with respect to the costs advanced by Defendant RNT for the Plaintiffs and the putative class members to attend educational courses of study and obtain professional certifications including Project Management Professional **(PMP),** Certified Information System Security Professional **(CISSP),** Certified Business Continuity Professional **(CBCP)**, Certified Ethical Hacker **(CEH),** Certified Information System Auditor **(CISA);** Certified Information Security Manager **(CISM);** Certified SCADA Security Analyst **(CSSA);** Certified Cloud Security Professional **(CCSP);** Certified Information Privacy Professional **(CIPP); and/or** Certified Information Privacy Manager **(CIPM).**

Respectfully submitted,

**HALL, ESTILL, HARDWICK,
GABLE, GOLDEN & NELSON, P.C.**

By:     *s/Elaine R. Turner*
Elaine R. Turner, OBA #13082
Lindsay N. Kistler, OBA #32814
100 North Broadway, Suite 2900
Oklahoma City, OK  73102-8865
Telephone:  (405) 553-2828
Facsimile:  (405) 553-2855
Email:  eturner@hallestill.com
Email:  lkistler@hallestill.com

**ATTORNEYS FOR DEFENDANTS,
RNT PROFESSIONAL SERVICES,
LLC AND TERESA RULE**

## CERTIFICATE OF SERVICE

I hereby certify that on this 15th day of July, 2020, I electronically transmitted the

attached document to the Clerk of Court using the ECF System for filing and transmittal

of Notice of Electronic Filing to the Following ECF registrants:

Mark Hammons, OBA # 3748
Amber L. Hurst, OBA #21231
Brandon D. Roberts, OBA #34012
HAMMONS, HURST &
ASSOCIATES
325 Dean A. McGee Avenue
Oklahoma City, OK 73102

*s/ Elaine R. Turner*

2158012.1:007624:00001